IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KIM GARDNER, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CONSUMER PORTFOLIO )<br>SERVICES, INC, )<br>)<br>Defendant. ) | CASE NO. _____ |

## COMPLAINT

NOW COMES the Plaintiff, KIM GARDNER, by and through undersigned counsel, and for her complaint against the Defendant, CONSUMER PORTFOLIO SERVICES, INC, Plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act 15 U.S.C. §1692 *et seq.* ("FDCPA") and the Kansas Consumer Protection Act, K.S.A. § 50-623 *et seq.* ("KCPA").

### II.   JURISDICTION & VENUE

2. This action arises out of violations of the FDCPA and KCPA by Defendant Consumer Portfolio Services, Inc., ("Defendant") and their agents in their illegal acts in connection with efforts to collect a consumer debt from Plaintiff.

3. Jurisdiction arises under 15 U.S.C. § 1692 and pursuant to 28 U.S.C. § 1331.

4. Venue is proper in this District in that Defendant transacts business here and substantial portions of the acts complained of occurred here.

1

## III.  PARTIES

5. Kim Gardner ("Plaintiff") is a natural person who resides in Kansas.

6. Defendant Consumer Portfolio Services, Inc., ("Defendant") is a business entity engaged in the collection of consumer debt within the State of Kansas.

## IV.  ALLEGATIONS

7. The debt allegedly owed by Plaintiff, namely a bill that allegedly originated from Subaru of Wichita with an account number ending in 8902 ("the Debt"), was incurred primarily for personal, family, or household services.

8. On or about December 20, 2016 Plaintiff retained counsel to assist in the resolution of several debts, including the Debt.

9. On or about February 6, 2017 and March 14, 2017 Plaintiff's counsel sent a dispute, request for validation and notice of representation to Defendant, including sufficient information for Defendant to identify Plaintiff's attorney and ascertain the name, address and other contact information of Plaintiff's attorney.

10. Defendant received the dispute, request for validation and notice of representation, acknowledging the same in letters sent to Plaintiff's attorney dated March 13, 2017; March 14, 2017; and April 17, 2017.

11. Defendant included some documents with Defendant's letters, but Defendant provided no assignment, contract to collect on behalf of a creditor or other proof that Defendant had a right to collect or demand payment of the Debt.

12. On or about March 27, 2017 Defendant called Plaintiff directly, leaving a voicemail requesting that Plaintiff contact Defendant.

13. Plaintiff called Defendant to remind them she was represented, but Defendant attempted to discuss the Debt.

## V. CLAIMS FOR RELIEF

### Count I: Contacting A Represented Party
### In Violation of § 1692c(a)(2)

14. Plaintiff repeats, re-alleges, and incorporates by reference all paragraphs above as if fully rewritten here.

15. Plaintiff is a "consumer" as that term is defined by the FDCPA, §1692a(3).

16. The Debt is a "debt" as that term is defined by the FDCPA, § 1692a(5).

17. Defendant is a "debt collector" as that term is defined by the FDCPA, § 1692a(6).

18. The FDCPA prohibits debt collectors from contacting consumers "in connection with the collection of any debt. . . if the debt collector knows the consumer is represented by an attorney. . . ." §§ 1692c(a) 1692c(a)(2).

19. Defendant attempted to discuss the debt on the phone with Plaintiff after receiving and acknowledging that Plaintiff was represented by an attorney.

20. Defendant violated § 1692c(a) by communicating directly with Plaintiff in connection with the Debt after receiving notice that the Plaintiff was represented.

21. As a result of Defendant's violations of the FDCPA, Plaintiff has suffered and continues to suffer actual damages, including increased legal fees in attempting to resolve the Debt, worry, distress, frustration, embarrassment, invasion of privacy, humiliation, and other damages in an amount to be determined by the jury in addition to the statutory damages in an amount to be determined by the Court.

WHEREFORE, Plaintiff, Kim Gardner, respectfully prays for judgment against Defendant and in her favor as follows on each and/or all of the Counts alleged above:

a. All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1) from Defendant and for Plaintiff;

b. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) from Defendant and for Plaintiff;

c. Plaintiff's attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant and for Plaintiff;

d. Any other relief deemed appropriate by this Honorable Court.

## Count II: Kansas Consumer Protection Act
## Deceptive and Unconscionable Acts in Violation of K.S.A. 50-623 *et seq.*

24. Plaintiff repeats, re-alleges, and incorporates by reference all paragraphs above as if fully rewritten here.

25. Plaintiff is a consumer as defined by K.S.A. § 50-624(b) of the KCPA.

26. Defendant is a supplier of consumer products as defined by K.S.A. § 50-624 and is subject to the requirements and provisions of the KCPA.

27. The transaction is a consumer transaction as defined by K.S.A. § 50-624(c).

28. K.S.A. § 50-626 provides that "No supplier shall engage in any deceptive act or practice in connection with a consumer transaction."

29. The above-described actions and representations of Defendant are deceptive as described by K.S.A. § 50-626(b)(2) which prohibits the willful use, in any oral or written representation, of exaggeration, falsehood, innuendo or ambiguity as to a

material fact, in this case specifically including whether Defendant had a legal right to demand payment from Plaintiff.

30. K.S.A. § 50-627 provides that "No supplier shall engage in any unconscionable act or practice in connection with a consumer transaction. An unconscionable act or practice violates this act whether it occurs before, during or after the transaction."

31. Unconscionability is a question for the Court, who is directed by K.S.A. § 50-627 to consider "circumstances of which the supplier knew or had reason to know, such as, but not limited to:

> (1) The supplier took advantage of the inability of the consumer reasonably to protect the consumer's interests. . .
>
> (6) the supplier made a misleading statement of opinion on which the consumer was likely to rely to the consumer's detriment.

32. Defendant's acts and omissions as described above are deceptive under K.S.A. §50-626 and unconscionable under K.S.A. §50-627.

33. Specifically, Defendant continued to attempt to collect the Debt after Defendant refused to provide proof of a legal right to collect after multiple requests.

34. Debt collectors often attempt to collect debts that they have no legal right to collect or insufficient documentation of their right to collect.

35. Without proof that Defendant has a legal right to collect a legitimate debt, Plaintiff risks paying a debt that Plaintiff does not owe or paying the wrong party.

36. On information and belief Defendant is aware that Plaintiff is unable and/or

unlikely to obtain proof of an assignment from any source other than Defendant.

37. Defendant took advantage of Plaintiff's inability to protect her own interests by refusing to provide proof that Defendant is legally entitled to collect the Debt.

38. Defendant's letters to Plaintiff's attorney specifically stated the opinion that Defendant had "verified" the information Defendant was reporting to the various Credit Bureaus.

39. Defendant's reporting to the Credit Bureaus implies and/or explicitly states that Defendant has a legal right to demand or collect payment from Plaintiff on the Debt.

40. The information Defendant supplied is insufficient to prove that Defendant has a right to collect or demand payment on the Debt.

41. Defendant intended and hoped that Plaintiff would rely on Defendant's statement of opinion instead of demanding actual proof.

42. On information and belief, DEFENDANT's acts and omissions described above were Defendant's standard policy and/or procedures.

43. Defendant's acts and omissions described above were identical to and/or substantively similar to Defendant's treatment of significant numbers of consumers similarly situated to Plaintiff.

44. Defendant's acts and omissions described above were willful and part of a pattern of deceptive and unconscionable acts and practices.

45. As a result of Defendant's acts and omissions described above, Plaintiff suffered damage, including but not limited to: interference with Plaintiff's ability to

accurately assess her financial situation; loss of credit; loss of the ability to apply for and benefit from credit; increased cost of existing credit; loss from expenditure of significant time energy and effort; out of pocket costs; considerable distress, mental anguish, worry, frustration, fear and embarrassment.

46. Each act or omission by Defendant described above constitutes a separate violation of the KCPA.

47. Because of Defendant's deceptive and unconscionable acts, Plaintiff is an aggrieved consumer, has been harmed, has incurred actual damages, and has incurred attorney's fees.

48. Defendant's conduct was either intentionally harmful to Plaintiff or was in reckless disregard of or indifference to the rights of Plaintiff, thereby subjecting Defendants to punitive damages.

49. Pursuant to K.S.A. § 50-636, Plaintiff is entitled to the greater of actual damages or statutory damages in a sum set by the Court of not more than $10,000 for each violation.

**WHEREFORE** Plaintiff prays for judgment on this *Claim for Relief* in her favor and against Defendant, and for the following relief:

(a) Actual damages sustained;

(b) or in the alternative Statutory damages for each violation of the KCPA;

(c) Punitive damages in an amount to be determined by the jury;

(d) Reasonable attorney's fees and costs; and

(e) Any further relief as deemed appropriate and just by this Honorable Court.

## JURY DEMAND

Plaintiff humbly requests a jury trial on all issues so triable.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff requests that a trial be held in the above captioned matter at the Robert J. Dole Federal Courthouse in Kansas City, Kansas.

**Dated: May 30, 2017**

                                              Respectfully submitted,
CREDIT LAW CENTER, LLC
**/s/ Keith N. Williston**
Keith N. Williston #78645
4041 NE Lakewood Way,
Suite 200
Lee's Summit, MO 64064
Tele:   (816) 246-7800
Fax:    (855) 523-6884
keithw@creditlawcenter.com
**ATTORNEY FOR PLAINTIFF**

8